UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ROBIN JOHNSON,

                      Plaintiff,

    -against-

MICHAEL J. ASTRUE,
 Commissioner of Social Security,

                      Defendant.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
11-CV-3534 (FB)

*Appearances:*
*For the Plaintiff:*
CHARLES E. BINDER, ESQ.
Law Offices of Harry J. Binder and
Charles E. Binder, P.C.
60 East 42nd Street, Suite 520
New York, NY 10165

*For the Defendant:*
LORETTA E. LYNCH, ESQ.
United States Attorney
ARTHUR SWERDLOFF, ESQ.
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

Plaintiff Robin Johnson seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). The parties agree that the Commissioner's determination was made under an improper legal standard but disagree as to the appropriate remedy. Plaintiff moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and remand solely for calculation of benefits. The Commissioner cross-moves for remand for further administrative proceedings pursuant to 42 U.S.C. § 405(g),

made applicable to SSI claims by 42 U.S.C. § 1383(c)(3).

**I.**

Johnson filed a claim for SSI benefits on March 5, 2009. She claimed a disabling condition that began on September 15, 2001, though she worked as a security guard through November 30, 2008. Following a hearing, an Administrative Law Judge ("ALJ") concluded that she was not disabled. Applying the five-step analysis, the ALJ found that (1) Johnson had "not engaged in substantial gainful activity" since applying for benefits, AR at 68; (2) she suffered from the severe impairments of schizoaffective disorder, depressive disorder, alcohol and cocaine abuse in remission, arthritis, osteoporosis, cardiac impairment, and bilateral hearing loss, AR at 68; (3) she did "not have an impairment or combination of impairments that meets or medically equals" a listed impairment, AR at 68; (4) she "is unable to perform past relevant work," AR at 73; and (5) "based on all of the impairments, including the substance use disorders, there are no jobs that exist in significant numbers in the national economy" that she can perform, AR at 74.[1] The last two steps were based on the ALJ's determination that Johnson has the residual functional capacity to perform less than the full range of sedentary work and "cannot make appropriate decisions, relate well with others, or appropriately deal with stress," AR at 69, 72. However, because she "would not be disabled if she stopped the substance use, [her] substance use disorders are a contributing factor

---

[1] The burden of proof is on the claimant in the first four steps, but it shifts to the Commissioner at the fifth step. *See* 20 C.F.R. §§ 404.1560(c)(2), 416.920(b)-(g); *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003); *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000).

material to the determination of disability." AR at 76 (citations omitted).[2] The ALJ thus found her not disabled. The Appeals Council denied review, and Johnson timely filed this action.

**II.**

Because the Act does not consider an individual to be disabled "if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled," 42 U.S.C. § 1382c(a)(3)(J), the "key factor" is to determine whether the claimant would still be disabled if she stopped using drugs or alcohol, 20 C.F.R. § 416.935(b)(1). The ALJ must assess which limitations would remain if the claimant stopped using drugs or alcohol and whether these limitations would be disabling. *Id.* § 416.935(b)(2). If the remaining limitations are not disabling, the claimant's "drug addiction or alcoholism is a contributing factor material to the determination of disability." *Id.* If they are disabling, the claimant is "disabled independent of [her] drug addiction or alcoholism" and substance use is not a contributing factor material to the determination of disability. *Id.*

The parties agree that the ALJ erred by making irreconcilable findings about Johnson's substance use and that remand is thus required. The ALJ initially found Johnson's alcohol and cocaine use disorders to be in remission. AR at 68. However, he ultimately denied benefits based on his determination that "when the claimant's substance use disorders are considered, the claimant has the residual functional capacity to perform less than the full range of sedentary work," AR at 72, whereas she could "perform the full range of sedentary

---

[2]The claimant bears the burden of proving that her drug addiction or alcoholism is not material to the determination of disability. *See Cage v. Comm'r of Soc. Sec'y*, --- F.3d ---, 2012 WL 3538264, at *4-6 (2d Cir. Aug. 17, 2012).

3

work" in "low stress jobs" if she stopped the substance use, AR at 74.

Contrary to the ALJ's finding, the record attributes Johnson's mental limitations to her psychiatric disorders, not to her substance use disorders. Three physicians noted that Johnson had not used alcohol or cocaine since 2007. AR at 201, 233, 427. Even the agency's consultative psychiatric examiner, Dr. Michael Alexander, and the agency's non-examining psychological consultant, Dr. M. Graff, noted that Johnson's drug and alcohol abuse were in "sustained remission." AR at 303, 313.[3] The ALJ characterized the record as "replete with drug and alcohol abuse and noncompliance," AR at 75, but the evidence refers only to noncompliance with psychiatric treatment, AR at 421. Both Dr. Hazra Rahim, who evaluated Johnson at her request, and Dr. Alexander cited Johnson's psychiatric conditions as the cause of her difficulties. AR at 201, 303.

The ALJ's inconsistent view of Johnson's substance use greatly affected his perception of the record. For example, Dr. Abdul Akhand, Johnson's treating physician, reported that Johnson suffered from many disorders, including depression, bipolar disorder, and schizophrenia. AR at 388. He opined that her conditions could be expected to last at least 12 months since depression and schizophrenia are "chronic." AR at 389. The ALJ gave only "some weight" to Dr. Akhand's findings because there was "no indication that [he] considered the claimant's substance abuse." AR at 72. In doing so, the ALJ erred by "reject[ing] a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative

---

[3]Evidence submitted to the Appeals Council noted occasional alcohol use in 2009 and 2010. AR at 455, 460, 463. The ALJ did not have this evidence and thus could not have relied on it. In any event, this evidence does not suggest that Johnson's substance use disorders have returned.

record," *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999), and by "substitut[ing] his own expertise or view of the medical proof for the treating physician's opinion," *Shaw v. Chater*, 221 F.3d 126, 134-35 (2d Cir. 2000). Moreover, the ALJ's finding that Johnson was "less than credible" was based largely on his view of her substance abuse and noncompliance. AR at 75.

By attributing Johnson's limitations to her substance use, the ALJ insufficiently analyzed the effects of her actual impairments. There is conflicting evidence as to whether her physical limitations allow her to perform sedentary work. Dr. Anuja Reddy, who evaluated Johnson at her request, opined that Johnson could sit for 4-5 hours, stand for 1-3 hours, and walk for 1-3 hours in an 8-hour workday. AR at 199. However, Dr. Akhand, in a report that postdates the ALJ's and Appeals Council's decisions, indicated that she could sit, stand, and walk for just 0-1 hour. AR at 12.[4]

Significant questions remain as to whether Johnson's mental conditions leave her able to perform "low stress" work. Johnson has struggled with psychiatric disorders since childhood, and she received diagnoses of schizophrenia, depression, bipolar disorder, impulse control disorder, mood disorder, and intermittent explosive disorder as recently as 2009. AR at 201, 234, 303, 387-89, 428. Johnson left her last job due to her psychiatric conditions, AR at 84, and she frequently experiences anxiety attacks and command hallucinations, AR at 92-96, 232-36, 421-23. Dr. Hillel Glover, another physician who evaluated Johnson at her request, observed that Johnson was depressed and was presently experiencing hallucinations and

---

[4]The parties do not seek remand on the basis of new evidence, and thus the Court need not determine whether this new evidence warrants remand. Because remand is required due to the use of an improper standard, the ALJ should now consider this new evidence, as it may affect the determination of disability.

delusions. AR at 223. He opined that Johnson was severely impaired in her ability to follow work rules, deal with the public, maintain attention, relate to co-workers, and adapt to change. AR at 234. Similarly, Dr. Roberta Hellman, a treating psychiatrist, found Johnson to be "verbally aggressive" and have "poor impulse control." AR at 426-27. In a separate undated report that was submitted to the Appeals Council, Dr. Hellman opined that Johnson was "markedly limited" in her "ability to complete a normal workweek without interruptions from psychological based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." AR at 450. Even Dr. Alexander, the consultative examiner, found his results "to be consistent with psychiatric problems which significantly interfere with the claimant's ability to function independently on a daily basis." AR at 303.[5]

Yet notes from Dr. Hellman and Dr. Alexander also indicate that Johnson was coherent, goal-directed, and not exhibiting signs of hallucinations or paranoia. AR at 301, 425-27. Dr. Alexander recognized that Johnson "would need close supervision to perform complex tasks," cannot be relied upon to make consistent appropriate decisions," "may have difficulty relating adequately with others," and "cannot appropriately deal with stress," but he nevertheless opined that she could "follow and understand simple directions," "perform simple tasks independently," "maintain attention and concentration," and "maintain a regular schedule." AR at 302-03. Dr. Graff, the non-examining consultant, found Johnson moderately limited in seven areas, but markedly limited in none. AR at 319-20. Even Dr. Hellman found Johnson markedly limited in just one area. AR at 449-51. Dr. Graff viewed Johnson's

---

[5]Notably, despite this evidence, the ALJ did not assess the effects of Johnson's psychiatric conditions on her "ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis." SSR 96-8.

psychiatric symptoms as not "sufficiently severe to preclude all competitive work," and recommended denying benefits due to her ability to perform "simple work." AR at 317.

Johnson argues for a remand for calculation of benefits since the ALJ admitted that no jobs exist that she can perform, while the Commissioner argues for a remand for further administrative proceedings because the record does not compel a conclusion that Johnson is disabled. The Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1383(c)(3); *Melkonyan v. Sullivan*, 501 U.S. 89, 92 (1991). Remand solely for calculation of benefits is appropriate where "the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *see also Rosa*, 168 F.3d at 83. "Where there are gaps in the administrative record or the ALJ has applied an improper legal standard," however, remand for further proceedings is proper. *Rosa*, 168 F.3d at 82-83.

There is no dispute that the ALJ applied an improper legal standard when he made conflicting findings as to Johnson's drug and alcohol use. Further, the evidence does not support the ALJ's determination that Johnson's disability was partially caused by her drug and alcohol abuse. Gaps in the record remain as to Johnson's residual functional capacity, in light of her physical and mental symptoms but not her past substance use disorders. As the Court cannot say that "application of the correct legal standard could lead to only one conclusion," remand for further proceedings is appropriate. *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998). The responsibility for reviewing the record, weighing conflicting evidence, and

7

drawing conclusions falls to the ALJ in the first instance, rather than the Court. *See* 20 C.F.R. § 404.1527(e)(2); *Schaal*, 134 F.3d at 504. Remand is limited to determining the scope of Johnson's residual functional capacity and whether she can perform past work or other work. Given the evidence of Johnson's nonexertional limitations, this determination will likely require the testimony of a vocational expert. *See Rosa*, 168 F.3d at 82. Additionally, to the extent that the ALJ improperly evaluated the source opinions and Johnson's credibility based on his incorrect assumptions about her substance abuse, this evidence should be revisited.

For the foregoing reasons, the Commissioner's motion for remand for further administrative proceedings is granted, within the limits described above. Johnson's motion for remand solely for calculation of benefits is accordingly denied.

**SO ORDERED.**

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 7, 2012